```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

MICH. WEYERMANN GmbH & Co. KG   *

       Plaintiff          *

       vs.                *   CIVIL ACTION NO. MJG-14-1570

CASTLE MALTING S.A.             *

       Defendant          *

\*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion for Default Judgment and Permanent Injunction [Document 10] to which there has been no response.

As reflected in the Order Re: Communication from J. Dourcy [Document 7] there may be a question whether there is an entity named "Castle Malting S.A." If there is such an entity that has been properly served and failed to respond to this lawsuit, Plaintiff is entitled to a default judgment and injunction against it. If there is no such entity or, for some reason, that entity was not obligated to respond to the instant lawsuit, then, presumably, the injunction issued by this Court will be unenforceable.

In any event, the matter of the existence _vel_ _non_ of the defendant and any other issues relating to enforcement of the Order of this Court shall, presumably, be resolved by the

tribunal having jurisdiction over any proceeding in which Plaintiff seeks to enforce the Order.

Under the circumstances, by virtue of the absence of any response by Castle Malting, S.A., on the record before this Court, the Court hereby finds:

1. Defendant has exhibited a pattern of tracking and imitating the Weyermann business and their trademarks.

2. Weyermann is the owner of the federally registered trademark "ABBEY MALT" U.S. Reg. No. 3356690, covering malt and other malt-related products, on the Principal Register of the United States Patent and Trademark Office.

3. As a result of Weyermann's continuous use and promotion of the ABBEY MALT mark in the United States, the public recognizes and understands that the ABBEY MALT mark identifies and distinguishes Weyermann's goods from others.

4. Without Weyermann's authorization, and despite Weyermann's objections, Castle Malting, a company in the business of producing and selling malt products, commenced use and continues to use the marks "Château Abbey", "Château Abbey Malt", and "Château Abbey Nature" and other variants thereof in Maryland, and throughout the United States in connection with the advertising, sale, offering for sale, distribution, and/or provision of goods, including various malt products similar to those of Plaintiff.

5. Weyermann is also the owner of a family of "CARA" marks, comprised of 11 federally registered trademarks including "CARAFOAM", "CARARYE", "CARABOHEMIAN" and "CARAHELL".

6. Subsequent to Weyermann's use, and without Plaintiff's authorization, Defendant commenced use and continues to use various "CARA" marks in commerce in connection with the advertising, sale, offering for sale, distribution, and/or provision of goods, including various malt products.

7. Castle Malting's adoption and use of similar trademarks to the Weyermann's marks, <u>inter alia</u>, creates a false association between the parties, dilutes the Weyermann brand and is likely to cause consumer confusion, thus constituting trademark infringement.

The Court further finds that, on the current record, Plaintiff has established that it is entitled to injunctive relief.

Accordingly:

1. Plaintiff's Motion for Default Judgment and Permanent Injunction [Document 10] is GRANTED.

2. A Permanent Injunction shall be issued.

SO ORDERED, on <u>Friday, March 27, 2015</u>.

_____/s/_____<br>
Marvin J. Garbis<br>
United States District Judge